PHILLIP A. TALBERT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:23-MC-00036-MCE-CKD |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $16,550.00 IN U.S. CURRENCY, AND | |
| APPROXIMATELY $7,000.00 IN U.S. CURRENCY, | |
| Defendants. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On August 5, 2022, the United States Postal Inspection Service ("USPIS") seized Approximately $16,550.00 in U.S. Currency and Approximately $7,000.00 in U.S. Currency ("defendant currency") during parcel interdictions at a U.S. Post Office in Sacramento, California.

2. USPIS commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On October 25, 2022, USPIS received a claim from Joshua William Redford ("Redford" or "claimant") asserting an ownership in the defendant currency.

3. The United States represents that it could show at a forfeiture trial that on August 2, 2022, USPIS conducted a parcel interdiction at the U.S. Post Office located at 2000 Royal Oaks Drive,

Sacramento, California. During the interdiction, law enforcement officials identified a parcel that bore markers consistent with parcels used for shipping contraband, Priority Mail Express parcel #EJ743706608US (Parcel # 1). The package was addressed to Joshua Redford, 4310 Whispering Oak Circle, Granite Bay, CA 95746 with a return address of Sheryl Broussard, 7682 Acadian Lane, Lake Charles, LA 70607.

4. The United States represents that it could show at a forfeiture trial that on August 4, 2022, USPIS conducted a parcel interdiction at a U.S. Post Office located at 2000 Royal Oaks Drive, Sacramento, California. During the interdiction, law enforcement officials identified a parcel that bore markers consistent with parcels used for shipping contraband, Priority Mail Express parcel #EJ049009623US (Parcel # 2). The package was addressed to Joshua Redford, 4310 Whispering Oak Circle, Granite Bay, CA 95746 with a return address of Sean Richards, 126 E Fortune St., Virdin, IL 62690.

5. The United States represents that it could further show at a forfeiture trial that both parcels were presented to a drug detection dog, who positively alerted to the presence of the odor of narcotics.

6. The United States represents that it could further show at a forfeiture trial that on August 5, 2022, law enforcement obtained consent from Redford to open both parcels. Inside Parcel # 1 was a magazine with a clear plastic heat-sealed bag taped to one page. The clear plastic heat-sealed bag contained cash totaling $7,000.00. Inside Parcel # 2 was a black heat-sealed plastic bag and two empty sandwich boxes. Inside the black bag was a grey plastic bag that contained two clear heat-sealed bags with cash totaling $16,550.00. Neither of the parcels contained any notes, receipts, or instructions.

7. The United States represents that it could further show at a forfeiture trial that on August 5, 2022, law enforcement spoke to Redford, and he said he was expecting multiple packages with baseball and Pokémon cards. After law enforcement told Redford the drug dog made a positive alert for narcotics on both parcels, Redford then said the parcels contained money for collectibles. Mr. Redford said he is in the "collectibles" business, but his business was not on the books yet and he doesn't have a website or any way of showing it.

8. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C § 881(a)(6).

9. Without admitting the truth of the factual assertions contained above, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Redford acknowledged that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United Sates, as set forth blow.

10. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

11. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

12. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDIGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgement of Forfeiture, $6,550.00 of the Approximately $16,550.00 in U.S. Currency and Approximately $7,000.00 in U.S. Currency, together with any interest that may have accrued on the total amounts seized, shall be forfeited to the United States pursuant to 21 U.S.C § 881(a)(6), to be disposed of according to law.

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $10,000.00 of the Approximately $16,550.00 in U.S. Currency shall be returned to claimant Joshua William Redford through his attorney Daniel M. Smith.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or

1  forfeiture, as well as to those now known or disclosed.  Claimant waived the provisions of California
2  Civil Code § 1542.

3      5.    No portion of the stipulated settlement, including statements or admissions made therein,
4  shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of
5  Evidence.

6      6.    All parties will bear their own costs and attorney's fees.

7      7.    Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court
8  enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause
9  for the seizure of the above-described defendant currency.

10      8.    The Clerk of Court is directed to close the case.

11  IT IS SO ORDERED.

12  Dated: March 8, 2023

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE